THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel J. Strebler, | ) | CASE NO.:  5:10CV206 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **<u>ORDER</u>** |
| | ) | |
| Morgan Stanley & Co., Inc., et al., | ) | |
| | ) | (Resolves Doc. 9) |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on a pending motion to dismiss or in the alternative stay this matter pending arbitration filed by Defendant Morgan Stanley & Co., Inc.[1]  Plaintiff Daniel Strebler has opposed the motion, and Morgan Stanley has replied in support of its motion.  Based upon the Court's review of the pleadings, exhibits, and applicable law, the motion is GRANTED.

## I.  Facts

Strebler filed his complaint in this action on January 29, 2010.  In his complaint, Strebler alleges that he was employed by Morgan Stanley as a Financial Advisor. Strebler asserts that he contributed 5% of his earned income to a Wealth Creation Program maintained by Morgan Stanley, depositing over $44,000.  Strebler then voluntarily terminated his employment with Morgan Stanley on February 2, 2009. Strebler contends that following his departure, Morgan Stanley has refused to return his

---

[1] While the complaint also names Morgan Stanley Financial Advisor and Investment Representative Compensation Plan as a defendant, the evidence indicates that the Plan is not a legal entity capable of being sued.

contributions to the Wealth Creation Program.  As a result, Strebler raises claims under

ERISA, and claims of breach of fiduciary duty, unjust enrichment, and conversion under

state law.

On March 30, 2010, Morgan Stanley moved to dismiss this matter or in the

alternative stay the matter pending arbitration.  Strebler opposed the motion on April 13,

2010, and Morgan Stanley replied in support on April 27, 2010.  The Court now resolves

the motion.

## II.  Legal Standard

In reviewing the pending motion, this Court "must determine whether the dispute

is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and

that the specific dispute falls within the substantive scope of the agreement."  *Landis v.*

*Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir. 2008).   The Court is mindful in its

analysis that in passing the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*,

Congress' "preeminent concern" was to enforce private agreements to arbitrate.  *See*

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Furthermore, in resolving

the issue, this Court must consider that there is "a liberal federal policy favoring

arbitration agreements, notwithstanding any state substantive or procedural policies to the

contrary." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24

(1983).

## III. Analysis

Morgan Stanley asserts in its motion that Strebler signed Form U-4 on more than

one occasion that contains an arbitration provision.  Section 5, under a heading titled

"The applicant must read the following very carefully," reads as follows:

2

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Item 11 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

Doc. 9-3 at 5.  Strebler does not dispute signing this document.  Furthermore, there is no dispute that Strebler maintained registrations with prior entities that now fall under the umbrella of the Financial Industry Regulatory Authority ("FINRA").  FINRA Rule 13200(a) provides that, "[e]xcept as otherwise provided in the Code [of Arbitration Procedure for Industry Disputes], a dispute must be arbitrated ... if the dispute arises out of the business activities of a member or an associated person and is between or among: Members; Members and Associated Persons; or Associated Persons."

It is clear to the Court that the above provisions mandate arbitration in this matter. Strebler's complaint clearly arises out of his business activities with Morgan Stanley, as this is little more than a compensation dispute.  Furthermore, Morgan Stanley has supplied ample evidence that it is a member of FINRA.  Strebler's argument that Form U-4 cannot be enforced by Morgan Stanley is frivolous.  The SROs indicated in Item 11 of Form U-4 included the NASD, NYSE, AMEX, CBOE, and PHLX.  The NASD was the primary self-regulatory organization responsible for the regulation of the securities industry in the United States with delegated authority from the U.S. Securities and Exchange Commission. In July 2007, the NASD was consolidated with the enforcement, arbitration, and member regulation arm of the New York Stock Exchange, known as NYSE Regulation, Inc., to create FINRA.  See About FINRA, http://www.finra .org/AboutFINRA (last visited June 15, 2010).  As Morgan Stanley is a member of FINRA, it has the right to enforce the arbitration provisions quoted above.

3

Strebler's arguments against the enforcement of the arbitration provisions also border on frivolous.  Strebler first contends that his complaint maintains a claim under ERISA and that this Court, therefore, should not look outside the plan documents in determining whether arbitration is appropriate.  Initially, the Court notes that it is questionable, at best, that the Wealth Creation Program is an ERISA plan.  However, setting that deficiency aside, Strebler has offered no law to support his argument that this Court could not examine Form U-4 in determining whether arbitration is appropriate. The simple fact that Strebler has couched his complaint in terms of ERISA does not relieve him of his obligation to arbitrate.

Strebler's claim that the arbitration provision is capable of unilateral modification and therefore unenforceable likewise lacks merit.  The provision notes that the rules, bylaws, and constitutions of the SROs may be amended from time to time.  Nothing about that fact makes the agreement to arbitrate unenforceable or unconscionable.  The sole case relied upon by Strebler, *Floss v. Ryan's Family Steakhouse, Inc.*, 211 F.3d 306 (6th Cir. 2000), contained radically different facts.  In *Floss*, the party providing the arbitration had unlimited discretion in choosing the arbitration forum and modifying the applicable rules and procedures.  *Id.* at 315-16.  Strebler has pointed to nothing in Form U-4 that would provide such broad discretion to Morgan Stanley.  Accordingly, his defense on this issue lacks merit.

Finally, Strebler asserts that the provision in Form U-4 does not provide him with the ability to have a decision in his favor entered as a judgment, limiting that mechanism to his employer.  In making this argument, Strebler willfully ignores that any arbitration would be subject to FINRA rules. FINRA Rule 13904(a) provides that all awards in

4

arbitration shall be in writing and "may be entered as a judgment in any court of competent jurisdiction." Strebler's argument, therefore, is factually baseless.

In short, this matter presented a straightforward application of contract law. Despite Strebler's attempt to cloud the issue, the facts and law clearly require that this matter be sent to arbitration.

## IV. Conclusion

With respect to the issue of staying or dismissing the matter, the Court has reviewed the Sixth Circuit law and it is clear that the Court may choose either course of action. *See Hensel v. Cargill, Inc.*, 198 F.3d 245 (6th Cir. 1999) (table decision); *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091 (6th Cir. 2002). In past cases, this Court has consistently followed one approach and will continue to do so herein. The Court believes that its practice protects the parties' rights and promotes judicial economy.

Accordingly, Strebler is compelled to arbitrate any claims in the complaint that he has against Morgan Stanley. Further proceedings in the within cause are hereby perpetually stayed and the within case is hereby CLOSED, subject to reopening upon written motion of Strebler, Morgan Stanley, or any other proper party in interest, after the final decision of the Arbitrator.

IT IS SO ORDERED.

June 22, 2010                           */s/ John R. Adams*
                                         JUDGE JOHN R. ADAMS
                                         UNITED STATES DISTRICT COURT

5